Harry A. Lerchie, Appellant, v. Clara R. Lerchie, Appellee.

Gen. No. 10,124.

Opinion filed February 14, 1947. Released for publication March 4, 1947.

L. Fred O'Brien, of Galesburg, for appellant.

Neagle & West, of Galesburg, for appellee.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

Harry A. Lerchie on January 21, 1946, filed a complaint for a divorce against his wife, Clara R. Lerchie, in the circuit court of Knox county, Illinois. The bill alleged that the parties were married in 1920, and lived together until the month of August 1943, at which time the defendant, without any reasonable cause, deserted the plaintiff. The first paragraph of the complaint alleges that the plaintiff, for more than a year last past, continuously, immediately preceding the filing of the complaint for a divorce, has been an actual resident of the county of Knox, and the State of Illinois. The defendant filed an answer to the complaint. In the first paragraph of her answer, she admits paragraph one of the complaint. She admits the marriage, but denies that she abandoned her husband, or was living separate and apart from him on any fault of hers.

She filed a counterclaim and charged that her husband abandoned her without any reasonable cause. She asks for a divorce on the ground of his desertion, and alimony and a reasonable amount for her solicitor's fees.

The case was submitted to the court without a jury, who heard the evidence of both parties. The court found the issues in favor of the defendant on her cross complaint, and denied the plaintiff any relief, and dismissed his bill for want of equity. A decree was entered in favor of Clara R. Lerchie on her counterclaim granting her a divorce, alimony and solicitor's fees. It is from this decree that the appeal is perfected to this court.

It is insisted by the appellant that the decree of divorce entered in the trial court was null and void for want of jurisdiction of the subject matter of the suit. The appellant's position being that neither of the parties was a resident of Knox county, or the State of Illinois, at the time the divorce proceeding was in-

stituted, as required by the divorce statutes of this State. In his printed argument, the appellant maintains that he never was a resident of Illinois, or Knox county, Illinois, nor was he a resident of Knox county at the time the divorce proceeding was instituted, as required by the statute. He claims that at all times he has resided in Moulton, Iowa. It is conceded that his wife and children have lived continuously in Moulton, Iowa, for the past several years. It is hard to justify appellant's position that he was not a resident of the State of Illinois, with the facts in evidence in the case. It will be observed that the first paragraph of the complaint is that he has been a bona fide resident of Knox county, Illinois, for more than a year last past continuously, immediately to filing the complaint for a divorce. The record also shows that in his complaint for divorce, he swore that Clara R. Lerchie, the defendant, in the above entitled cause, on due inquiry cannot be found, so that process cannot be served upon her, and upon diligent inquiry, her place of residence cannot be ascertained. It is difficult for this court to understand how he could be a resident of Moulton, Iowa, and not know where his wife lived, when the facts show she has lived there continuously for the past few years.

The record shows that Mr. Lerchie, after giving his name to the reporter, and identifying himself as the plaintiff in the case, was asked this question. Q. "You have worked for the Burlington Railroad in the State of Illinois how long?" A. "I came to the State of Illinois in September of 1943." Q. "You have been a resident of the State of Illinois ever since?" A. "Yes, I have been out of the State twice since that time." Q. "You have been a resident of Knox county, Illinois, for the past several months?" A. "I have worked right around in the vicinity of Galesburg and Knox county, and right here in Galesburg and Macomb for the last nine or ten months."

■ We find no merit whatsoever, in appellant's contention that the record does not show that at the time of the filing of the complaint for divorce, and at the time of the hearing, that he was not a resident of the State of Illinois, since the proof conclusively shows that he was such a resident. This court is now asked to vacate a decree of divorce maintained by a fraud on the court perpetrated by the plaintiff himself. While the answer to the direct question to the plaintiff: "You have been a resident of Knox County, Illinois, for the past several months," (which is more of a statement of fact, than a question,) is not a direct "yes," or "no," it would lead the court to understand and believe that he was such a resident. Under all the circumstances in this case, we think that the court properly found that he had jurisdiction of the subject matter, and of the parties to the suit.

■■ The case was submitted to the court without a jury and unless we can say that his findings are contrary to the manifest weight of the evidence, we would not be justified in reversing the decree. We have read the evidence, as it appears in the record, and it is our conclusion that the court's finding is in conformity with the weight of the evidence, and it preponderates in favor of the cross complaint. The decree appealed from is hereby affirmed.

*Decree affirmed.*